IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Cedric C. Patton, | ) Civil Action No.:2:14-cv-3403-BHH-MGB |
|                 Petitioner, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Warden Leroy Cartledge, | ) |
|                 Respondent. | ) |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 16; see also Dkt. No. 17.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on or about August 18, 2014. (See Dkt. No. 1 at 14 of 25.) On November 13, 2014, Respondent filed a Motion for Summary Judgment. (Dkt. No. 16; see also Dkt. No. 17.) By order filed November 13, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 18.) Petitioner filed a Response in Opposition to the Motion for Summary Judgment on or about December 17, 2014. (See Dkt. No. 20-1; see also Dkt. No. 20.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at McCormick Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In March of 2010, the Greenville County Grand Jury indicted Petitioner for armed robbery and possession of a weapon during the

commission of a violent crime. (See R. at 195-96.) Petitioner was represented at trial by Dan Farnsworth, Esquire. (See R. at 1.) Petitioner proceeded to a jury trial before the Honorable C. Victor Pyle, Jr., on July 12-13 of 2010. (See R. at 5-153.) The jury convicted Petitioner as charged, and Judge Pyle sentenced Petitioner to twenty-five years on the armed robbery conviction and five years on the conviction for possession of a weapon during the commission of a violent crime. (See R. at 152.)

Petitioner did not immediately file a direct appeal. However, on March 9, 2011, Petitioner filed an application for post-conviction relief ("PCR"). (See R. at 155-61.) The following questions and answers appeared in his PCR application (verbatim):

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:
>
>    (a) due to the fact that the judge was bias, 8th AMEND
>
>    (b) also my attorney fail to object to a ground, 6th AMEND
>
>    (c) also attorney fail to call witness, and alibi witness, 6th AMEND
>
> 11. State concisely and in the same order the facts which support each of the grounds set out in (10):
>
>    (a) I wanted to have a continue hearing for lawyer wasn't
>
>    (b) trying to call my witnesses or study the case with me,
>
>    (c) And I'm suppose to be able to cross examined witnesses.

(R. at 157.)

On April 18, 2013, an evidentiary hearing was held before the Honorable G. Edward Welmaker. (R. at 167-86.) Petitioner was present and represented by Elizabeth Wiygul, Esquire. (See R. at 167.) In an order dated April 30, 2013, Judge Welmaker granted Petitioner's request for a review of direct appeal issues pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974), and denied the remainder of the remainder of the application for post-conviction relief. (R. at 187-94.)

On January 2, 2014, Wanda H. Carter, Esquire, of the South Carolina Commission on Indigent Defense, filed an Anders[1] brief pursuant to White v. State. (See Dkt. No. 17-5.) Therein, Petitioner raised the following issue: "The trial judge erred in failing to qualify the interpreter used at appellant's trial because this was a requirement per S.C. Code Ann. § 17-1-50." (See Dkt. No. 17-5 at 4 of 12.) Ms. Carter also filed a petition to be relieved as counsel. (Dkt. No. 17-5 at 10 of 12.) Also on January 2, 2014, Ms. Carter filed a petition for writ of certiorari, wherein she raised the following issues:

> The PCR judge ruled properly in granting petitioner's request for a belated direct appeal of his convictions and sentences because trial counsel failed to file a notice of appeal as requested in the case.
>
> Trial counsel erred in failing to object to the solicitor's improper vouching during closing arguments because the prejudicial effect of the same violated petitioner's right to a fair trial.

(Dkt. No. 17-6 at 3 of 11.)

In an order filed July 30, 2014, the South Carolina Supreme Court granted certiorari as to the first question raised in the petition for writ of certiorari and proceeded with an Anders review. (See Dkt. No. 17-8.) That order provided, *inter alia*, "After a thorough review of the record pursuant to *Anders* we dismiss the appeal and grant the petition to be relieved as counsel." (Dkt. No. 17-8 at 2 of 2.) The matter was remitted to the lower court on August 15, 2014. (Dkt. No. 17-9.)

Petitioner then filed the instant habeas petition, wherein he raised the following grounds for review (verbatim):

> **Ground One**: The trial judge erred in failing to qualify the interpreter used at appellant's trial because this was a requirement 17-1-50.
> **Supporting Facts**: See attached sheets 1 of 3-3 of 3.
>
> **Ground Two**: Ineffective Assistance of Counsel.
> **Supporting Facts**: See attached sheets 1 of 7-7 of 7.

---

[1] Anders v. California, 386 U.S. 738 (1967).

3

(Dkt. No. 1 at 6 of 25.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## DISCUSSION

As noted above, Respondent seeks summary judgment in the instant case. (See Dkt. No. 16; see also Dkt. No. 17.) For the reasons set forth herein, the undersigned recommends granting Respondent's motion.

### I.     Ground One

In Ground One, Petitioner contends the "trial judge erred in failing to qualify the interpreter used at [Petitioner's] trial because this was a requirement of [South Carolina Code Section] 17-1-50." (Dkt. No. 1.) Respondent asserts Petitioner is not entitled to relief on Ground One because it is not cognizable on federal habeas review. (Dkt. No. 17 at 10.)

Respondent is correct. "'[F]ederal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). As the Supreme Court stated in Estelle,

> [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

Id. at 67-68; see also 28 U.S.C. § 2254(a). Simply stated, state law issues are not cognizable in a federal habeas corpus proceeding. See Smith v. Moore, 137 F.3d 808,

821-22 (4th Cir. 1998) (refusing to entertain the habeas petitioner's contention that a jury instruction misstated South Carolina law); Bryant v. Cartledge, No. 3:09-3234-CMC-JRM, 2010 WL 5588790, at *9 (D.S.C. Oct. 10, 2010), adopted at 2011 WL 145328 (D.S.C. Jan. 18, 2011) ("The South Carolina Supreme Court is the final arbiter of the law of South Carolina. Its determination of what the law of South Carolina means is final and cannot be reviewed by the federal courts unless the interpretation by the South Carolina Supreme Court implicates, and is in conflict with, an identified right protected by the United States Constitution."); Monahan v. Burtt, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *7 (D.S.C. Sept. 27, 2006) ("Reliance on a state statute, and the state constitution, as a basis for relief simply fails to present a question of federal law. To the extent the petitioner relies solely on state law, he has failed to present a matter cognizable under 28 U.S.C. § 2254."). Respondent is entitled to summary judgment on Ground One.

**II.    Ground Two**

Petitioner asserts in Ground Two that his trial counsel was ineffective. (See Dkt. No. 1.) More specifically, Petitioner contends counsel was ineffective "in failing to object to the solicitor's improper vouching during closing arguments because the prejudicial effect of the same violated petitioner's right to a fair trial." (Dkt. No. 1 at 19 of 25.)

The PCR court addressed this claim as follows:

> This Court finds the Applicant failed to meet his burden of proving trial counsel should have objected to vouching comments. The Applicant alleges the assistant solicitor vouched for State witnesses during closing argument. (Trial transcript, p. 136, line 18 – p. 137, line 8). This Court finds an objection was not warranted, however, because the solicitor's comments did not constitute vouching. See Vaughn v. State, 362 S.C. 163, 169, 607 S.E.2d 72, 75 (2004) ("A prosecutor improperly vouches for a witness' credibility and places the government's prestige behind a witness by making explicit personal assurances, or indicating that information not presented to the jury supports the testimony.").
>              . . .

> Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test–that trial counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant has failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of Strickland–that he was prejudiced by trial counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

(R. at 191-92.) The portion of the solicitor's closing argument to which Petitioner points is as follows:

> When I offered those, that lady and that man–excuse me, those two ladies their deals, I asked for one thing and one thing only. It's the only thing I ever ask when I'm talking to a co-defendant and that's you give me the truth. If you give me the whole truth and nothing but the truth, then you'll get what I'm offering you. That's all I ask. It doesn't matter whether it benefits me. It doesn't matter whether it benefits the state. I'm not asking you to go up there and perjure yourself. You go up there and tell the truth and you get the deal. And that's exactly what they did, ladies and gentlemen. These people are not like you and me. They're not, they're not working people. I'm not saying they are. I'm not trying to paint them into some people they're not, because they're not. But that doesn't mean that what they said on that stand yesterday wasn't true.

(R. at 136-37.)

The United States Supreme Court has said that a meritorious ineffective assistance of counsel claim must show two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956

F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id. While Strickland itself is a deferential standard, when both § 2254(d) and Strickland apply, "review is doubly" deferential. Harrington v. Richter, 562 U.S. 86, 105 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105.

Petitioner has not shown the state court's rejection of his claim of ineffective assistance of counsel was contrary to, or an unreasonable application of, clearly established federal law, nor has Petitioner shown the state court's rejection of his claim resulted in a decision that was based on an unreasonable determination of the facts. Pursuant to South Carolina law,

> Improper vouching occurs when the prosecution places the government's prestige behind a witness by making explicit personal assurances of a witness' veracity, or where a prosecutor implicitly vouches for a witness' veracity by indicating information not presented to the jury supports the testimony.

State v. Shuler, 344 S.C. 604, 630, 545 S.E.2d 805, 818 (2001).

The state court concluded that the solicitor's comments did not constitute vouching and that Petitioner had not proven any prejudice by failing to object. In order to prove prejudice pursuant to Strickland, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Petitioner cites to State v. Kelly, 343 S.C. 350, 540

S.E.2d 851 (2001), to support his claim of ineffective assistance of counsel.[2] In Kelly, the South Carolina Supreme Court concluded, on direct appeal, that a solicitor's questions "served to improperly bolster" a witness' credibility. Kelly, 343 S.C. at 369, 540 S.E.2d at 860. The court held, however, that the "error was harmless beyond a reasonable doubt." Id. at 369-70, 540 S.E.2d at 861. Even if Kelly supports Petitioner's argument that the solicitor's comments were improper, the case does not indicate the state court's conclusion that Petitioner failed to establish the second prong of Strickland was contrary to, or an unreasonable application of, clearly established federal law.

Given the deferential standard of review, the undersigned recommends granting summary judgment to Respondent on Ground Two. See Harrington, 562 U.S. at 101 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."); Darden v. Wainwright, 477 U.S. 168, 181 (1986) ("[I]t is not enough that the prosecutors' remarks were undesirable or even universally condemned. The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." (internal quotation marks and citations omitted)); Carlson v. Warden Lieber Corr. Inst., Civ. A. No. 4:08-1913-SB, 2009 WL 2997623, at *9-15 (D.S.C. Sept. 15, 2009) (no habeas relief on claim of ineffective assistance of counsel for failing to object to solicitor's "vouching," even though question of whether prosecutor's "comments constitute vouching is a very close case"; the petitioner had not shown he was entitled to relief pursuant to the standard set forth in § 2254(d), and "even assuming the statements to be improper, . . . they did not so infect the trial with unfairness as to make the resulting conviction a denial of due process"); see also Hansford v. Angelone, 244 F. Supp. 2d 606, 613 (E.D. Va. 2002) ("Constitutionally effective assistance does not require the

---

[2] Kelly was reversed and remanded by the United States Supreme Court on other grounds. See Kelly v. South Carolina, 534 U.S. 246 (2002).

9

assertion of every possible valid objection. Indeed, it is frequently better to remain silent rather than to draw attention to the matter." (internal quotation marks and citations omitted)).

## CONCLUSION

It is RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 16) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that a certificate of appealability be denied.[3]

IT IS SO RECOMMENDED.

*(signature)*
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

April 1, 2015
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).